**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **STEVEN WALLACE,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | No. 3:11-CV-1037-M (BF) |
| § | |
| **THE CITY OF CARROLLTON and** § | |
| **UNKNOWN POLICE OFFICERS,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant The City of Carrollton's ("Defendant") Motion for Judgment on the Pleadings (doc. 23), filed on May 17, 2012. Plaintiff Steven Wallace ("Plaintiff") filed a timely response on June 7, 2012, and Defendant filed its reply on June 20, 2012. For the following reasons, the Court recommends that the District Court **GRANT** Defendant's Motion for Judgment on the Pleadings.

**Background[1]**

On January 9, 2008, officers from the City of Carrollton police department seized Plaintiff's 1988 Chevrolet Van while executing a search warrant at 7474 Skillman Street, Apt. 603, Dallas, Texas. (*See* Pl.'s Compl., Ex. A.) The officers delivered the van to the City of Carrollton, where it was subsequently impounded in the City's lot. While in the City's impound lot, Plaintiff's vehicle was damaged, burglarized, and several enhancements to the van were stolen. After Plaintiff's van was

---

[1] These facts were taken from Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings and Brief in Support, which is designated as "Pl.'s Resp.".

burglarized, the City failed to send Plaintiff any notice or a police report detailing the burglary. Instead, the City kept the vehicle in its lot for over two years without ever notifying Plaintiff of the damage. In August 2010, the City returned Plaintiff's damaged vehicle to him. Plaintiff filed a notice of claim with the City, which was denied. (*See id.,* Ex. C.) The City has refused to pay for the damage to Plaintiff's van. (*Id.,* Ex. D.)

## Standard of Review

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007), petition for cert. filed, (U.S. Nov. 26, 2007) (No. 07–713)). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.*

Federal Rule of Civil Procedure 8(a) sets forth the pleading requirements in federal cases. The Rule states that pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose is to put the defendant on fair notice of what the claim is and upon what grounds it rests. *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleader's bare averment that he wants relief and is entitled to it does not suffice. *Twombly,* 127 S.Ct. at 1965-66.

To survive a motion for judgment on the pleadings, "the plaintiff must plead 'enough facts to state a claim that is plausible on its face.'" *Guidry,* 512 F.3d at 180 (quoting *Twombly,* 127 S.Ct. at

1974). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* The court should assume that all the factual allegations in the complaint are true, even if doubtful in fact. *Id.* The ultimate question in Rule 12(b)(6) and Rule 12(c) motions is whether the complaint states a valid claim for relief when it is viewed in the light most favorable to the plaintiff. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008). Rule 12 motions should be granted when the plaintiff has included allegations in the complaint that, on their face, disclose some absolute bar to recovery. *See Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir. 1994).

## Analysis

In his First Amended Complaint, Plaintiff alleges causes of action under (1) the Fifth Amendment for a taking without just compensation, (2) the Fourteenth Amendment for procedural due process, (3) the Fourth Amendment for a wrongful seizure, (4) the Texas Takings Clause, (5) the Texas Due Course Clause, and (6) the Texas Tort Claims Act. (Pl.'s First Am. Compl. at ¶¶ 12-38.) Plaintiff brings his federal constitutional claims pursuant to 42 U.S.C. § 1983.

**42 U.S.C. § 1983**

To state a civil rights claim under 42 U.S.C. §1983,[2] a plaintiff must allege a violation of a right

---

[2] The terms of 42 U.S.C. § 1983 state in pertinent part:

Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

secured by the Constitution or laws of the United States and demonstrate that a person acting under color of state law violated that right. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). Municipalities and cities qualify as "persons" under the Statute. *See Monell v. Dept. of Social Serv.,* 436 U.S. 658, 691-92 (1978)). It is well-settled that local governmental bodies cannot be held liable for the acts of their employees based solely on a theory of *respondeat superior* or vicarious liability. *Id.* at 692. Instead, in order to file a § 1983 action against a municipality, the claim must be premised upon a policy or custom which the city's officers officially adopted. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532 (5th Cir. 1996) (citing *Krueger v. Reimer,* 66 F.3d 75, 76 (5th Cir. 1995)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, – U.S. –, 131 S.Ct. 1350, 1359 (2011).

To establish municipal liability, a plaintiff must plead facts which demonstrate that: (1) a policy or custom existed; (2) the governmental policymakers actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation. *Meadowbriar Home for Children,* 81 F.3d at 532-33 (citing *Palmer v. City of San Antonio,* 810 F.2d 514, 516 (5th Cir. 1987)). "The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997); *see also Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984), *cert. denied*, 472 U.S. 1016 (1985) (holding that a plaintiff must plead specific facts which identify the policy, properly connect the policy to the governmental entity itself—including identifying the final policymaker, and show that his injury was incurred because of the application of that specific policy).

Plaintiff alleges constitutional violations of his Fifth, Fourteenth, and Fourth Amendment rights. (Pl.'s First Am. Compl. at ¶¶ 12-23.) However, Plaintiff fails to allege that any of these rights were violated because of a policy or custom of the City of Carrollton. (*See id.*) Instead, Plaintiff claims a violation of the Fifth Amendment because "[t]he City and the Officers committed a taking for public use by seizing and otherwise directly appropriating Mr. Wallace's vehicle and detaining it for over two years, ostensibly for law enforcement purposes." (*Id.* at ¶ 14.) Furthermore, Plaintiff alleges that he "complied with the City's request that he seek compensation through a claim filed with the City's Secretary, but the City denied that claim on August 19, 2010." (*Id.*) Regarding the deprivation of his Fourteenth Amendment rights, Plaintiff alleges that "[t]he City and the Officers deprived Mr. Wallace of due process by taking his property and detaining it for over two years without a valid seizure warrant or probable cause." (*Id.* at ¶ 18.) Finally, Plaintiff claims the City and the Officers violated his Fourth Amendment rights by "subject[ing] Mr. Wallace to an unreasonable search and seizure . . . by taking his property and detaining it for over two years without a warrant describing the seized property." (*Id.* at ¶ 22.)

Plaintiff fails to plead facts which allege that any of these constitutional violations were due to a custom or policy adopted by the City of Carrollton. In addition to failing to identify a policy, Plaintiff also fails to identify the final policymaker or demonstrate that his injuries were caused because that policy was applied. Thus, viewing Plaintiff's complaint in a light most favorable to Plaintiff, Plaintiff has failed to state a claim for municipal liability under 42 U.S.C. § 1983. *See Bennett*, 728 F.2d at 767. Accordingly, Plaintiff's Fifth, Fourteenth, and Fourth Amendment claims fail as a matter of law.

**Motion to Amend**

This Court will briefly address Plaintiff's second request to amend his complaint, which was denied by this Court, because it attempts to remedy the deficiencies in his 42 U.S.C. § 1983 claim. The decision to grant or deny a motion to amend lies within the sound discretion of the district court. *Leffall*, 28 F.3d at 524 (citing *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir.1991)). However, this discretion is somewhat limited by Federal Rule of Civil Procedure 15(a), which states that "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Thus, the Fifth Circuit has held that a substantial reason must exist in order for a district court to exercise its discretion and deny a motion to amend. *See Lefall,* 28 F.3d at 524 (citing *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 598 (Former 5th Cir. Nov. 1981). The Fifth Circuit has found two valid reasons to deny a motion to amend: untimeliness and futility. *See id; Avatar Exploration*, 933 F.2d at 320-21. Both of these reasons are applicable here.

Plaintiff filed his original complaint on May 18, 2011. (Doc. 1.) Subsequently, Plaintiff filed an amended complaint on June 3, 2011. (Doc. 8.) Defendant filed its answer on July 19, 2011, alleging that it was a municipality and could only be held liable for injuries caused as a result of an unconstitutional custom or policy of the City. (Doc. 13.) On June 27, 2012, Plaintiff filed a Motion For Leave to File a Second Amended Complaint, which this Court subsequently denied due to untimeliness and undue prejudice to Defendant. (*See* docs. 29, 35.) The Motion For Leave to File a Second Amended Complaint was not filed until after Defendant filed its Motion For Judgment on the Pleadings, and after Plaintiff had already responded to the Motion For Judgment on the Pleadings alleging that his allegations were sufficient. (*See* Pl.'s Resp. 3-5.) Furthermore, the Motion For Leave to File a Second Amended Complaint was filed considerably after the deadline for amendments of

pleadings (October 14, 2011), after the discovery deadline (April 27, 2012), and after the deadline for filing dispositive motions (June 26, 2012). (*See* Docs. 15, 17.) Plaintiff was put on notice from the time Defendant filed its answer in July 2011, that the allegations in his complaint might not be sufficient to state a cause of action. This Court found that Plaintiff failed to show good cause as to why his motion for leave to amend was filed untimely, and thus denied the motion. (Doc. 35.)

In addition to filing an untimely request to amend his complaint, Plaintiff declared the sufficiency of his pleadings in his response to Defendant's Motion for Judgment on the Pleadings. The Fifth Circuit has held that "a plaintiff is not entitled to 'an opportunity to satisfy the heightened pleading requirements' of municipal liability cases when she simply 'declares the adequacy of [her] complaint' in 'response to the motion to dismiss.'" *Spiller,* 130 F.3d at 167 (quoting *Jacquez v. Procunier,* 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Babb v. Dorman,* 33 F.3d 472, 479 (5th Cir. 1994) (affirming a district court's denial of plaintiff's leave to amend his complaint where the plaintiff declared the sufficiency of his pleadings and failed to offer a sufficient amended complaint in his response to defendant's motion to dismiss). In his response, Plaintiff stated that his factual allegations were sufficient for the 12(c) stage of litigation, and that Defendant had ample notice from Plaintiff's discovery requests that he was going to argue the presence of an unconstitutional custom or policy. (Pl.'s Resp. at 3-5.) Plaintiff did not request leave to amend his complaint in the response and he similarly did not offer an amended complaint for the Court to review.

Finally, granting Plaintiff's Motion For Leave to File a Second Amended Complaint would be futile. In Plaintiff's Second Amended Complaint, he attempts to correct his pleading deficiencies by adding the following statements to the facts section:

> Rather, the Officers seized Mr. Wallace's van pursuant to a written procedure
> and policy that authorizes officers to seize vehicles without a warrant and

7

> without probable cause. This written policy has been officially adopted by the City as it is part of the Carrollton Police Department's official written procedures for executing searches and seizures.

(Pl.'s Second Am. Compl. at ¶ 7.)[3] Although Plaintiff finally does identify a policy, he identifies a policy of the Carrollton Police Department, and makes the conclusory statement that the policy was adopted by the City. Plaintiff fails to allege how or when the City adopted this policy and what the policy actually said. Thus, Plaintiff stills fails to connect the Carrollton Police Department's policy to the City of Carrollton, and he does not identify the final policymaker as required under 42 U.S.C. § 1983. *See Bennett,* 728 F.2d at 767.

Viewing Plaintiff's Second Amended Complaint in a light most favorable to Plaintiff, even if he were alleging a customary policy and not a written policy, Plaintiff only alleges this one isolated incident regarding the Carrollton Police Department's policy that occurred in his individual case. "Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001) (citing *Bennett,* 728 F.2d at 768 n. 3). "A customary municipal policy cannot ordinarily be inferred from single constitutional violations." *Id.* (citing *Webster v. City of Houston*, 735 F.2d 838, 851 (5th Cir.1984) (en banc)).

In sum, this Court properly exercised its discretion in denying Plaintiff's Motion For Leave to File a Second Amended Complaint. Even assuming, *arguendo,* that the motion had been granted, Plaintiff's Second Amended Complaint still fails to allege sufficient facts to find a cause of action under 42 U.S.C. § 1983, and thus allowing this pleading would "do nothing but prolong the

---

[3] The Court notes that Plaintiff alleges a written policy of the Carrollton Police Department, yet fails to include that policy with his Second Amended Complaint.

inevitable." *See Jacquez,* 801 F.2d at 793.

**State Law Claims**

Plaintiff brought his remaining claims pursuant to the Texas Takings Clause, the Texas Due Course Clause, and the Texas Tort Claims Act. (Pl.'s First Am. Compl. at ¶¶ 24-38.) Because no substantial federal claim still exists, this Court recommends that the District Court dismiss without prejudice these pendent state law claims. *See Parker & Parsley Pet. Co. v. Dresser Indus.,* 972 F.2d 580, 585 (5th Cir. 1992); *see also Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989) (explaining that "[o]rdinarily, when the federal claims are dismissed before trial, the pendent state claims should be dismissed as well").

## Recommendation

This Court finds that Plaintiff has not pled sufficient facts to state a plausible claim under 42 U.S.C. § 1983. Accordingly, the Court recommends that the District Court GRANT Defendant's Motion for Judgment on the Pleadings (doc. 23), and dismiss his federal civil rights claims against Defendant with prejudice. This Court also recommends that the District Court dismiss Plaintiff's pendent state law claims against Defendant without prejudice.

SO RECOMMENDED, October 25, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).